IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MEGAN ANGERS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23-cv-2242 |
| | ) | |
| v. | ) | Judge Jeffrey I. Cummings |
| | ) | |
| CHICAGO POLICE OFFICER | ) | Magistrate Judge Jeffrey T. |
| JESSE CHAVEZ (#14182), *et. al.*, | ) | Gilbert |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT OPPOSED MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF DEFENDANTS' MOTIONS TO DISMISS**

NOW COME Defendants, THE CITY OF CHICAGO, DAVID O'NEAL BROWN, JESSE CHAVEZ, MARK STYCZYNSKI, KYLE GLEESON, DAVID STEPNEY, MANE MARAVIC, DILLAN HALLEY, ARTHUR YOUNG, KEVIN GRAVES, WILLIAM MURPHY, WILLIAM SCHIELD, CHARLES RHEIN, ALEXANDER GONZALEZ, JAMES JOHNSON, JOSE ROJAS, BRIAN GRIFFITH, THOMAS O'SHAUGHNESSY, ANDREA RODRIGUEZ, JONATHAN HERNANDEZ, and LUIS LAURENZANA (referred to as "Defendant Officers"), by and through their undersigned counsel, and for their Joint Motion to Stay Discovery Pending Resolution of Defendants' Motions to Dismiss, state as follows:

1. Discovery in this case should be stayed pending resolution of Defendants' Motions to Dismiss because Plaintiffs' federal claims rely upon "group pleading" to assert various claims even after being permitted limited discovery to identify officers. This pleading strategy has been repeatedly rejected by the Seventh Circuit. *See Grieveson v. Anderson*, 538 F.3d 763, 777-78 (7th Cir. 2008) ("[T]he *Alejo* court found dismissal of named defendant was proper where plaintiff failed to allege defendant's personal involvement in the alleged wrongdoings."). To state a viable claim, the plaintiff must provide sufficient factual detail to support a plausible inference that "the defendants were personally

1

responsible for the deprivation of their rights." *Wilson v. Warren Cty., Ill.*, 830 F.3d 464, 469 (7th Cir. 2016); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987) ("Each individual defendant can be liable only for what he or she did personally, not for any recklessness on the part of any other defendants, singly or as a group."). Given the clarity on the law, the fact that Plaintiffs already conducted limited discovery in the pre-severance matter (*Wilger v. City of Chicago*, 20-cv-06851), and that this is the fifth attempt[1] at pleading a viable claim, there is no reason to allow Plaintiffs to draw Defendants into expensive, time-consuming federal discovery when this matter is likely doomed from the start in this forum.

2. Essentially, Plaintiffs claim that Defendant Officers used excessive force when Plaintiffs were pepper sprayed while participating in a violent protest at the statue of Christopher Columbus in Grant Park in Chicago. Participants in the protest threw frozen water bottles, fireworks, and other objects at Chicago police officers and were attempting to pull the statue down with rope. *See* Dkt. 25 ¶¶ 50-51, fn. 49 at pp. 86, 129.

3. All Defendants in the above-captioned action have filed Motions to Dismiss Plaintiffs' Amended Complaint which, if granted, would result in the complete dismissal of the entire lawsuit. At minimum, the Motions to Dismiss may resolve certain of Plaintiffs' claims.

4. Defendants have argued and cited well-established, controlling case law that shows the undisputed facts of this case, construed in a light most favorable to Plaintiffs, conclusively negate Plaintiffs' federal claims. *See* Dkt. 33, 34. Specifically, the law is clear that Plaintiffs must specifically allege conduct which ties an individual defendant to the alleged unconstitutional conduct. *See* Dkt. 34 (citing *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003); *Grieveson v. Anderson*, 538 F.3d 763, 777-78 (7th

---

[1] Plaintiffs filed four prior complaints in the *Wilger* matter. *See* 20-cv-06851 at Dkt. 1; Dkt. 10; Dkt. 88; Dkt. 110; Dkt. 118.

Cir. 2008); *Wilson v. Warren Cty.*, 830 F.3d 464, 469 (7th Cir. 2016); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987)).

5. The law is similarly clear that, in the absence of any such cognizable constitutional claim against the Defendant Officers, neither the City of Chicago nor Defendant Police Superintendent Brown can be liable for any federal claim. *See* Dkt. 33.

6. Defendants have also raised a plethora of other legal arguments which definitively negate all of Plaintiffs federal claims, including but not limited to: where a Plaintiff has alleged that they were not the intended target of the OC spray there is no viable Excessive Force claim as the individual Plaintiff was not seized by their own allegations of the facts; Plaintiff's First Amendment Retaliation claim is insufficiently plead as there are no facts alleged to support at least two of the required elements; allegations of force against unknown officers are untimely; state law conspiracy is not a standalone claim; violation of the Illinois Constitution is not a viable claim; and Illinois Tort Immunity immunized Defendant Officers against state law claims.

7. This Court entered a briefing schedule for Defendants' Motions to Dismiss motions, with Plaintiffs' responses due by February 16, 2024 and Defendants' replies by March 1, 2024. Dkt. 35

8. As granting Defendants' motions would result in a complete resolution of Plaintiffs' claims before the federal court and would deprive this Court of jurisdiction over the entirety of this lawsuit, or at a minimum substantially reduce the scope of claims and/or Plaintiffs, Defendants request that this Court enter an order staying discovery during the pendency of the motions.

9. District courts have broad discretion in managing discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

10. In accordance with Federal Rule of Civil Procedure 26, a court may, for good cause, limit the scope of discovery or control its sequence to "protect a party or person from annoyance,

3

embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see Crawford-El*, 523 U.S. at 599; *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *1 (N.D. Ill. Nov. 17, 2010).

11. It is the movant's burden to show that good cause exists for a stay. *Harper v. Cent. Wire, Inc.*, No. 19 CV 50287, 2020 WL 5230746, at *1 (N.D. Ill. Sept. 2, 2020).

12. Though the filing of a motion pursuant to Rule 12(b) does not automatically stay discovery, "[l]imitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005). Indeed, "such stays are granted with substantial frequency." *Id.* (citing *see, e.g.*, *Moore v. Potter*, 2005 WL 1600194 at *4 (11th Cir. 2005); *Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502 (4th Cir. 1999); *Gilbert v. Ferry*, 401 F.3d 411 (6th Cir. 2005); *In re: Southeast Banking Corp.*, 204 F.3d 1322 (11th Cir. 2000): *Brever v. Rockwell Internat'l Corp.*, 40 F.3d 1119 (10th Cir. 1994); *Inst. Pasteur v. Chiron*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) ("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.").

13. While "[s]ome districts have a rule that prohibits discovery during the pendency of such a motion," and "in some circuits, district courts have been advised to resolve a motion to dismiss before allowing discovery," "[n]umerous cases in this circuit have allowed stays in the face of a Rule 12(b)(6) challenge." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 336 (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *see, e.g.*, *Flakes v. Frank*, 2005 WL 1276370 (W.D. Wis. 2005); *Mossman v. Dental Enterprises*, 2005 WL 1174150 (N.D. Ind. 2005); *Nauman v. Abbott Lab.*, 2005 WL 1139480 (N.D. Ill. 2005); *Malone v. Clark*, 2004 WL 2053284 (W.D. Wis. 2004); *Cataldo v. City of Chic.*, 2002 WL 91903 (N.D. Ill. 2002); *Hill v. Amoco Oil*, 2001 WL 293628 (N.D. Ill. 2001); *Cooper v. Harris*, 1999 WL 261742 (N.D. Ill. 1999); *Johnson v. Indopco, Inc.*, 846 F. Supp. 670 (N.D. Ill. 1994); *R.E. Davis Chemical Corp. v. Nalco Chemical Co.*, 757 F. Supp. 1499 (N.D. Ill. 1990); *DeSmet v.*

*Snyder*, 653 F. Supp. 797 (E.D. Wis. 1987); *Stokes v. City of Chic.*, 1986 WL 12311 (N.D. Ill. 1986); *CBOE, Inc. v. Connecticut General Life Insurance Co.*, 95 F.R.D. 524 (N.D. Ill. 1982); *Rosas v. Lane*, 1985 WL 2906 (N.D. Ill. Sept. 26, 1985)).

14. In determining whether good cause exists to stay discovery during the pendency of a motion to dismiss, courts consider the following factors: (1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court. *Harper*, 2020 WL 5230746, at *1; *Liggins v. Reicks*, No. 19 C 50303, 2021 WL 2853359, at *1 (N.D. Ill. July 8, 2021).

15. A stay of discovery is often appropriate where a pending dispositive motion can resolve the case and where "requested discovery is unlikely to produce facts necessary to defeat the motion." *Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993). Similarly, a stay of discovery pending the resolution of a motion to dismiss may be appropriate in cases where "resolution of the dispositive motion does not require factual elaboration." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 338 (citing *In re Currency Conversion Fee Antitrust Litigation* No. MDL 1409, M21–95, 2002 WL 88278, *2 (S.D.N.Y. Jan.22, 2002); *Hachette Distrib., Inc. v. Hudson County News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (factors relevant in stay application include whether "the issues before the Court are purely questions of law that are potentially dispositive"); 6 Moore's Federal Practice, § 26–105[3][c] (Matthew Bender 3d ed.) (factors relevant in stay application include "whether it is a challenge as a matter of law or to the sufficiency of the allegations")).

16. Circumstances warranting a stay during the pendency of a motion to dismiss have included cases "in which the breadth of the discovery in question was considered '"especially burdensome and costly,' and 'extensive, voluminous, and expensive to produce.'" *New England Carpenters Health and Welfare Fund v. Abbott Laboratories*, 2013 WL 690613, at *3 (N.D. Ill., Feb. 20, 2013) (citing *DSM Desotech Inc. v. 3d Systems Corporation, 3D Systems, Inc.*, 2008 WL 4812440, at *2, *3).

5

17. This Court should enter an order for a stay of discovery during the pendency of Defendants' motions to dismiss as each of the three factors weigh in favor of such discovery management at this juncture in the case.

18. First, given the procedural posture of the case and the nature of the motions in question, a stay of discovery will not unduly prejudice or tactically disadvantage Plaintiffs. Plaintiffs have already been permitted to conduct limited discovery in the pre-severed matter, *Wilger v. City of Chicago*, in which Plaintiffs received thousands of pages of documents and answers to limited interrogatories to identify previously unknown officers. *Wilger*, 20-cv-06851, Dkts. 79, 87, 91, 103 at ¶¶ 5-6. Moreover, Plaintiffs waited over seven months to file an amended complaint specific to their own allegations after the *Wilger* matter was severed. *Wilger,* 20-cv-06851, Dkt. 142; *Angers*, 23-cv-2242, Dkt. 22. Thus, Plaintiffs have hardly shown any particular urgency in proceeding with their claims in the first instance.

19. Additionally, Defendants' motions will simplify the claims as certain Plaintiffs have likely pled themselves out of Court by alleging they were indirectly hit with pepper spray by the Defendant Officers. *See gen.* Dkt. 34; *Soares v. Meeks*, 2021 WL 5748438, at *3 (N.D. Ill. Oct. 4, 2021) (granting defendant's motion to stay during the pendency of the Rule 12(b)(6) motions as the limited stay would not unduly prejudice the plaintiff, while simplifying the issues in question as the motion "has the potential to eliminate the case in this court altogether or to narrow the claims that may proceed. A stay of discovery at this juncture could greatly simplify the necessary issues for later discovery, particularly because discovery has not started" and "a discovery stay will conserve parties' resources while the court is considering the motion to dismiss."). Nor would factual elaboration gained through discovery be necessary for this Court's evaluation of the pending motions as they were each brought under Rule 12(b)(6) and attack the legal bases of the claims themselves. Dkts. 33, 34.

20. Finally, a stay of discovery will reduce the burden of litigation for the parties and the court. Undeniably, "[d]iscovery creates a variety of costs and burdens for the parties and the court." *Liggins v. Reicks*, 2021 WL 2853359, at *3 (N.D. Ill. July 8, 2021). Plaintiffs already issued discovery requests in this case on December 6, 2023 and a copy of the production requests are attached for this Court's review. *See* Exhibit 1, Plaintiffs' Requests for Production to Defendant City of Chicago and Defendant Officers. The scope of discovery sought highlights the vast and burdensome discovery they are seeking at this juncture. For example, Plaintiffs request all transcripts, audio recordings, radio transmissions, and video footage which relate to the events described in the Complaint as well as the personnel files and disciplinary history of all nineteen Defendant Officers. Depending on the Court's resolution of the motion to dismiss, the collection, review, and production of at least certain of these documents (which will be a significant undertaking by Defendants) may be rendered unnecessary.

21. In this case, where Defendants' Motions present argument that, if granted, would result in the dismissal of all claims, staying discovery during the pendency of those motions could entirely eliminate the burdens of discovery for this Court.

22. The parties are to issue written discovery by January 26, 2024. *See* Dkt. 27. In light of this pending motion and Defendants' Motion to Stay and Bifurcate *Monell*, Defendants request this deadline be stayed pending resolution of Defendants' Motions to Dismiss.

23. Counsel for the Defendant Officers communicated with Plaintiffs' counsel and can represent that this motion is opposed by Plaintiffs. The parties conferred on a briefing schedule and Plaintiffs request 21 days for their response and Defendants request 14 days for their reply.

## CONCLUSION

WHEREFORE Defendants, THE CITY OF CHICAGO, DAVID O'NEAL BROWN , JESSE CHAVEZ, MARK STYCZYNSKI, KYLE GLEESON, DAVID STEPNEY, MANE MARAVIC, DILLAN HALLEY, ARTHUR YOUNG, KEVIN GRAVES, WILLIAM MURPHY,

7

WILLIAM SCHIELD, CHARLES RHEIN, ALEXANDER GONZALEZ, JAMES JOHNSON, JOSE ROJAS, BRIAN GRIFFITH, THOMAS O'SHAUGHNESSY, ANDREA RODRIGUEZ, JONATHAN HERNANDEZ, and LUIS LAURENZANA, by and through their attorneys, pray that the Court enters an order for a limited stay of discovery until the resolution of Defendants' Motions to Dismiss; excuse the Defendants from responding to the discovery issued by Plaintiff and issuing discovery until the resolution of Defendants' Motion to Dismiss; and for any other relief this court deems to be just and proper.

Respectfully submitted,

/s/ Christiane E. Murray
Steven Blair Borkan
Timothy P. Scahill
Christiane Elizabeth Murray
Whitney Newton Hutchinson
Borkan & Scahill, Ltd.
20 South Clark Street, Suite 1700
Chicago, IL 60603
(312) 580-1030
sborkan@borkanscahill.com
tscahill@borkanscahill.com
cmurray@borkanscahill.com
whutchinson@borkanscahill.com

*Counsel for Defendant Officers*


/s/ Elizabeth E. Babbitt
Allan T. Slagel
Elizabeth Erin Babbitt
Thomas Hudson Cross, IV
Taft Stettinius & Hollister LLP
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
(312) 527-4000
aslagel@taftlaw.com
ebabbitt@taftlaw.com
hcross@taftlaw.com

Anton Christopher Brown
Taft Stettinius & Hollister LLP

2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 977-8400
cbrown@taftlaw.com

*Counsel for Defendants City of Chicago and Superintendent David Brown*